IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

DONNA M. HUGHEY, and
CHRISTOPHER HUGHEY,

    Plaintiffs,

vs.                                       `Case No.:    21-CA-004877

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, WAL-MART STORES EAST, by and through its undersigned counsel, hereby responds to Plaintiff's Complaint and states:

1. Admit for jurisdictional purposes only, otherwise denied. However to the extent the amount in controversy exceeds $75,000 the proper jurisdiction for this matter is in the United States District Court for the Middle District of Florida, Tampa Division.

2. Denied.

3. Walmart Stores East LP admits to owning the subject location, otherwise denied.

4. Admit.

5. Admit that Walmart employees do utilize shopping carts for some activity in the store.

6. Admit.

7. Admit that at one point the Plaintiff was standing at the rear of her shopping cart.

8. Denied.

9. Walmart Stores East LP admits that Florida law imposes vicarious liability on employers for the alleged negligence of employees acting within the course and scope of their

employment. Walmart Stores East LP denies any and all allegations of negligence against its employees.

## COUNT I
### (Plaintiff, DONNA HUGHEY's, Negligence Claim against Defendant)

10. Walmart Stores East LP responds to paragraphs 1-9 as set forth above.

11. Denied.

12. Denied.

13. Denied.

## COUNT II
### (Plaintiff, DONNA HUGHEY's, Negligent Mode of Operation Claim against Defendant)

14. Please see Motion to Dismiss.

## COUNT III
### (PLAINTIFF, DONNA HUGHEY'S, Negligent Training Claim against DEFENDANT)

26. Walmart Stores East LP responds to paragraphs 1-25 as set forth above.

27. Denied.

28. Denied.

29. Denied.

## COUNT IV
### (PLAINTIFF, CHRISTOPHER HUGHEY'S, Consortium Claim against DEFENDANT)

30. Walmart Stores East LP responds to paragraphs 1-29 as set forth above.

31. Denied.

## DEMAND FOR JURY TRIAL

WAL-MART STORES EAST, LP hereby demands a jury trial as to any and all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to introduce all applicable collateral source payments to Plaintiff for the purpose of reducing or eliminating the damages claimed by Plaintiff herein.

### SECOND AFFIRMATIVE DEFENSE

The damages and injuries of Plaintiff, if any, were proximately caused by other persons or entities over whose activities this Defendant had no control. Therefore this Defendant is not liable to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to the protections of F.S. §768.81, comparative fault, and asserts all rights, remedies and limitations to which it is entitled under said Statute. Plaintiff's negligence was the sole proximate cause or a contributing legal cause of the incident and her injuries and damages, if any, and Plaintiff is therefore precluded from recovery herein or her recovery should be diminished to the extent that Plaintiff's negligence contributed to the subject accident.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts its entitlement to a setoff for any sums paid by any other Defendants or any other joint tort-feasor as payment or settlement in this cause.

### FIFTH AFFIRMATIVE DEFENSE

The danger complained of in the Complaint was an open and obvious condition which was readily apparent to Plaintiff or any other person on the property and was known, foreseeable and readily detectible to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant regularly and adequately inspected the subject premises for any defects, perils, traps, or other dangerous conditions. Any alleged dangerous condition on Defendant's property did not exist for a sufficient length of time so that Defendant had either actual or constructive knowledge of the alleged dangerous condition.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of the injury as a result of the danger, and having a reasonable opportunity to avoid said danger, voluntarily exposed herself to the alleged danger.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Medical Expenses should be reduced or eliminated due to the fact that Plaintiff failed to mitigate her damages by entering into an agreement with her medical providers to receive care and treatment pursuant to a "letter of protection" in lieu of submitting the charges to her private health insurance company as was required pursuant to Florida Statute sections 641.17-.3923.

**NINTH AFFIRMATIVE DEFENSE**

The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance. Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff fails to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff has failed to mitigate her damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant conducted regular, reasonable inspections of the premises for any potentially dangerous conditions that existed on the premises and did not discover any potentially dangerous condition during their regular inspections, therefore the alleged dangerous condition did not exist for a sufficient length of time in order to put Defendant on actual or constructive notice of the alleged dangerous condition.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Medical expenses are unreasonable when compared to the charges in the relevant medical community and should therefore be reduced or eliminated.

## THIRTEENTH AFFIRMATIVE DEFENSE

The condition complained of in Plaintiff's Complaint was so open and obvious that it did not create a dangerous condition as a matter of law.

/s/ Andrew S. Bolin, Esq., BCS
Andrew S. Bolin, Esquire, BCS
Florida Bar No. 0569097
Christie Alisca, Esquire
Florida Bar No. 124020
*Bolin Law Group*
1905 E. 7th Avenue
Tampa, FL 33605
T: (813) 848-0600; F: (813) 848-0090
jec@bolin-law.com
amc@bolin-law.com
scr@bolin-law.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Florida Court's E-Portal to: E. Patton Youngblood, Esq. at patton@youngbloodlaw.com and sean@youngbloodlaw.com on this 18th day of November 2021.

*/s/ Andrew S. Bolin, Esq., BCS*
Andrew S. Bolin, Esquire, BCS
