IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

DONNA M. HUGHEY, and
CHRISTOPHER HUGHEY,

    Plaintiffs,

vs.　　　　　　　　　　　　　　　　　　　`Case No.:　21-CA-004877

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## DEFENDANT, WAL-MART STORES EAST, LP'S MOTION TO DISMISS NEGLIGENT MODE OF OPERATION CLAIM

Defendant, WAL-MART STORES EAST, LP, by and through its undersigned counsel, pursuant to Rule 1.140 Florida Rules of Civil Procedure, hereby moves this Honorable Court for the entry of an Order dismissing Count II of Plaintiff's Complaint asserting a Negligence Mode of Operation Claim and in support thereof states:

1. Plaintiffs purport to bring a cause of action for "Negligent Mode of Operation" in Count II of their Complaint against Defendant Wal-Mart.

2. When ruling on a Motion to Dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the Complaint. Murphy v. Bay Colony Property Owner's Association, 12 So.3d 924 (Fla. 2d DCA 2009).

3. The basis for the negligent mode of operation theory, regarding premises that are not in a safe condition, is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition. See Markowitz v. Helen Homes of Kendall Corp., 826 So. 2d 256 (Fla. 2002). The dispositive issue is whether the specific

method of operation was negligent and whether the accident occurred as a result of that negligence. See Owens v. Publix Supermarkets, Inc., 802 So. 2d 315 (Fla. 2001).

    4. Plaintiff fails to allege any facts that support a theory of Negligent Mode of Operation against Defendant. Instead, Plaintiff erroneously states that the alleged failure to maintain the premises in a reasonably safe condition, remedy and/or warn of the alleged dangerous condition, to place warning mechanism on the subject or provide a lookout and allowance of employees to operate the subject carts in such a "negligent matter" so as to cause a "dangerous condition" creates a "negligent mode or method" of operation. See Plaintiff's Complaint ¶14-25. Nowhere in Plaintiff's Complaint does he articulate any business practice or method employed by Wal-Mart that would amount to more than a claim for negligence. See Owens, 802 So.2d at 332.

    5. In cases that have alleged such a cause of action, it has been found that the alleged specific mode or method of operation in question must go beyond the actual allegedly dangerous condition and/or the allegedly dangerous condition's existence. In Owens, the Court reviewed a similar set of allegations wherein Plaintiff alleged that Defendant's failure to sweep on a timely basis and to timely fill out incident reports amounted to support for a claim for negligent mode of operation. See id. The Court, in rejecting Plaintiff's claim on this basis noted that, "although the plaintiffs alleged a negligent mode of operation, the evidence the plaintiffs produced to support such a theory was that [Defendant's] employees had failed to timely fill out inspection reports and sweep on a regular basis. This evidence amounts to no more than a general claim of negligence in the maintenance of the premises and does not support a more specific claim of negligent mode of operation in this case." Id.

    6. Allegations sufficient to support a mode-of-operation theory must be specific to a business's choice of a particular mode of operation and not events surrounding Plaintiff's accident.

Thus, the basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition. See Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256 (Fla. 2002). For example, See Etheredge v. Walt Disney World Co., 999 So. 2d 669 (Fla. 5th DCA 2008) (wherein Plaintiff alleged that the theme park operators' practice of encouraging guests to cross a street over a storm drain, that was not in and of itself a dangerous condition, constituted a negligent mode of operation that allegedly caused Plaintiff injury when she stepped into the storm drain while crossing the street). Plaintiff fails to allege any specific business practice or method of operation to support the cause of action alleged in the Complaint.

THEREFORE, DEFENDANT WAL-MART STORES EAST, LP respectfully requests the entry of an Order dismissing any and all allegations of a "negligent mode of operation" contained within Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Florida Court's E-Portal to: E. Patton Youngblood, Esq. at patton@youngbloodlaw.com and sean@youngbloodlaw.com on this 18th day of November 2021.

/s/ Andrew S. Bolin, Esq., BCS
Andrew S. Bolin, Esquire, BCS
Florida Bar No. 0569097
Christie Alisca, Esquire
Florida Bar No. 124020
*Bolin Law Group*
1905 E. 7th Avenue
Tampa, FL 33605
T: (813) 848-0600; F: (813) 848-0090
jec@bolin-law.com
amc@bolin-law.com
scr@bolin-law.com
Attorneys for Defendant